ADARAND CONSTRUCTORS, INC.,
a Colorado corporation,
Plaintiff–Appellee,

v.

Rodney E. SLATER, Secretary of the Department of Transportation; Kenneth R. Wykle, Administrator of the Federal Highway Administration; Vincent F.

Schimmoller, Administrator of Region VIII of the Federal Highway Administration; Larry C. Smith, Engineer of the Central Federal Lands Highway Division, Defendants–Appellants.

Pacific Legal Foundation; Employment Law Center; Minority Business Enterprise Legal Defense and Education Fund, Inc., Amici Curiae.

No. 97–1304.

United States Court of Appeals,
Tenth Circuit.

March 4, 1999.

Leslie A. Simon, Department of Justice (Mark L. Gross, Department of Justice; Nancy E. McFadden, General Counsel, Paul M. Geier, Assistant General Counsel for Litigation, Sara McAndrew, Trial Attorney, Edward V.A. Kussy, Acting Chief Counsel, Federal Highway Administration, Department of Transportation; Isabelle Katz Pinzler, Acting Assistant Attorney General; Thomas E. Perez, Deputy Assistant Attorney General; and William R. Yeomans, Acting Deputy Assistant Attorney General, with her on the

briefs), Washington, D.C., for Defendants–Appellants.

William Perry Pendley (Todd S. Welch, with him on the brief), Mountain States Legal Foundation, Denver, Colorado, for Plaintiff–Appellee.

Robin L. Rivett, Sharon L. Browne, and Stephen R. McCutcheon, Jr., Pacific Legal Foundation, Sacramento, California, filed an amicus curiae brief.

William C. McNeill, III and Julian A. Gross for the Employment Law Center, San Francisco, California, and Franklin M. Lee and Tracie A. Watkins for the Minority Business Enterprise Legal Defense and Education Fund, Inc., Washington, D.C., filed an amicus curiae brief.

Michael E. Kennedy, General Counsel for Associated General Contractors of America, Inc., and John G. Roberts, Jr., David G. Leitch, and H. Christopher Bartolomucci of Hogan & Hartson, L.L.P., Washington, D.C., filed an amicus curiae brief for Associated General Contractors of America, Inc.

Before LUCERO, McKAY and MURPHY, Circuit Judges.

LUCERO, Circuit Judge.

This case began when plaintiff Adarand Constructors, Inc., challenged the constitutionality, under the Equal Protection Clause of the Fifth Amendment, of certain subcontractor compensation clauses (SCCs) used by the Department of Transportation to enhance government contracting opportunities for small businesses that are owned and controlled by socially and economically disadvantaged individuals. A panel of this court previously upheld these same SCCs under "intermediate scrutiny." *See Adarand Constructors, Inc. v. Pena,* 16 F.3d 1537 (10th Cir.1994) (*Adarand II* ).[1] Holding that "all racial classifications, imposed by whatever

federal, state, or local governmental actor, must be analyzed by a reviewing court under strict scrutiny," the Supreme Court reversed, *see Adarand Constructors, Inc. v. Pena,* 515 U.S. 200, 227, 237, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995) (*Adarand III* ) (overruling *Metro Broadcasting v. FCC,* 497 U.S. 547, 110 S.Ct. 2997, 111 L.Ed.2d 445 (1990)), and remanded the case to district court for a determination of whether the SCCs are narrowly tailored to serve a compelling governmental interest. Applying strict scrutiny, the district court granted summary judgment for plaintiffs. *See Adarand Constructors, Inc. v. Pena,* 965 F.Supp. 1556 (D.Colo. 1997) (*Adarand IV* ).

The government now appeals, arguing that the district court incorrectly found that the subcontractor compensation clause (SCC) program was not sufficiently narrowly tailored to a compelling governmental interest as to survive strict scrutiny. Additionally, the government argues that the district court erred in ruling the use of the SCC program to be unconstitutional not only in the direct federal contracting program administered by the Department of Transportation, but also in federal aid programs operated by the State of Colorado with federal financial assistance. However, as we find this case has become moot, we do not resolve those issues, but rather remand and direct the district court to vacate its judgment below, pursuant to *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

I

The facts of this case and the program at issue have been set out in numerous judicial opinions, *see, e.g., Adarand III,* 515 U.S. at 205–10, 115 S.Ct. 2097, and we need not repeat them in detail. The essential matter relevant to our disposition is that Adarand seeks declaratory and injunctive relief against the use of SCCs that provide addi-

---

1. Appellants are sued in their official capacities. The caption in this case has thus been amended to incorporate the substitution of Rodney E. Slater as Secretary of Transportation and Kenneth R. Wykle as Administrator of the Federal Highway Administration, pursuant to Fed. R.App. P. 43(c)(1).

tional compensation to federal government contractors employing subcontractors that qualify as Disadvantaged Business Enterprises (DBEs). The company claims that the various routes to DBE certification incorporate impermissible presumptions of social disadvantage based on race. The Supreme Court held that Adarand alleged a concrete and particularized injury sufficient to grant standing to pursue its challenge, in that the classification at issue "prevent[s] the plaintiff from competing on an equal footing." *Id.* at 211, 115 S.Ct. 2097 (quoting *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. Jacksonville,* 508 U.S. 656, 667, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)). The Court held Adarand's injury sufficiently actual or imminent to satisfy standing requirements because Adarand had shown that it was "very likely" to bid, within a year, on another federal contract offering incentives for hiring small disadvantaged subcontractors. *Adarand III,* 515 U.S. at 211, 115 S.Ct. 2097.

Since the district court's grant of judgment in this case, however, the Colorado Department of Regulatory Agencies has certified Adarand as a DBE, which certification entitles Adarand to the benefit of the SCC under challenge. The clause at issue provides that "[a] small business concern will be considered a DBE after it has been certified as such by the U.S. Small Business Administration *or by any State's Department of Highways/Transportation.*" *See* Appellant's Br., Addendum 3, at 1 (Federal Lands Highway DBE/WBE Subcontract Compensation Clause) (emphasis added).

The circumstances leading to Adarand's DBE certification are as follows. After issuance of *Adarand IV,* Adarand filed suit against state officials challenging Colorado's use of DBE guidelines in administering federally assisted highway programs. Colorado subsequently modified its DBE regulations to eliminate the presumption of social and economic disadvantage for racial and ethnic minorities, and to condition the social disadvantage branch of its DBE inquiry solely on the applicant's certification that he or she is socially disadvantaged.

Following this modification, the district court denied Adarand's motion for a preliminary injunction for lack of standing. The court apparently reasoned that as a result of the SCC program and the racial presumptions employed in awarding DBE status, Randy Pech, Adarand's principal, had been socially disadvantaged as a white male. According to the court, Adarand Constructors therefore possessed an adequate remedy at law through inclusion in the DBE program, and thus lacked standing to obtain a preliminary injunction against the state's use of the SCC in question. When Adarand applied for DBE status after the court's ruling, Pech certified that he was socially disadvantaged, and Adarand was granted the status.

## II

As Adarand is now entitled to the preference it challenges, it can no longer assert a cognizable constitutional injury. "To qualify as a party with standing to litigate, a person must show, first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 1067, 137 L.Ed.2d 170 (1997) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). These requirements apply equally to cases on appeal. *See id.* To qualify for adjudication in the federal courts, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 1068 (citations omitted). Adarand seeks prospective relief invalidating the use of the SCC, and must therefore demonstrate a "'real and immediate threat that [it] would again' suffer similar injury in the future." *Adarand III,* 515 U.S. at 211, 115 S.Ct. 2097 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)); *see also Buchwald v. University of New Mexico Sch. of Med.,* 159 F.3d 487, 493 (10th Cir.1998) (concluding that plaintiff has no standing to seek prospective injunction and declaratory relief against consideration of residency in medical school admissions with-

out showing threat of similar injury in future). As a DBE itself, Adarand cannot make that showing, and hence the case before us is moot.

■ Adarand raises several arguments as to why the case should not be considered moot. First, it argues that it received DBE status only as a result of the decision below, which led the Transportation Commission of Colorado to adopt the DBE policy under which Adarand was subsequently certified. This possibility does not defeat mootness. We have previously held that a city's withdrawal of a policy struck down by a district court rendered plaintiffs's challenge to that policy moot, notwithstanding the fact that the policy had been withdrawn because it had been ruled unconstitutional. *See 19 Solid Waste Dep't Mechanics v. Albuquerque,* 76 F.3d 1142, 1143–44 (10th Cir.1996). Although the district court's comments in denying Adarand's motion for a preliminary injunction in *Adarand Constructors, Inc. v. Romer* may have prompted Pech's application for DBE status, the dispositive fact for our standing analysis is that he now has that status. Further, Adarand faces no collateral legal consequences from the SCC program. *Cf. Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

■ Second, Adarand argues that this case involves actions capable of repetition yet evading review. *See Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Adarand contends that if this case is dismissed and the judgment vacated, then the company will be decertified because its status as socially disadvantaged is contingent upon the district court's judgment that the SCC discriminates on the basis of race.[2] The Supreme Court has held that an action for prospective relief can avoid mootness under the doctrine of "capable of repetition yet evading review ... only in the exceptional situations ... where the following two circumstances are present: (1) the

challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 481, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (citations and internal quotations omitted). Adarand fails to show that the circumstances of its challenge are too brief for complete litigation. To show a reasonable expectation that it is vulnerable to repetition of the same action by the government, Adarand attempts to draw analogy to the situation of the plaintiff in *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432, 434–35 (10th Cir.1978), in which we found the involuntary commitment of a patient to a mental institution "on at least four distinct and separate occasions," *id.* at 435, to be capable of repetition yet evading review. We find no indication that Adarand has been or will be subjected to such repetitive action. Adarand's suggestion, made without factual support, that Colorado will continually revoke Adarand's DBE certification, and then reimpose it to avoid review, does not comprise a "reasonable expectation that the plaintiff will be subjected to the same action again." *Id.* Nor are we shown any evidence that the government "manipulated" both Adarand and Colorado into respectively seeking and conferring DBE status, in an effort to establish a repetitive and unreviewable pattern of certification and revocation.

■ Third, Adarand argues that because its DBE certification is not recognized by the federal government, it is subject to denial of the right to compete equally for federal highway subcontracts in Wyoming and New Mexico. Under the SCC, however, a small business is entitled to DBE treatment "after it has been certified as such ... by ... any State's Department of Highways/Transportation." Refusal of certification by other states therefore does not affect Adarand's DBE preference in Colorado—and the use of the

---

**2.** Insofar as this is also an argument against vacating the judgment below, we address it again

*infra* Section III.

SCC in Colorado highway construction is the only issue before us. In any event, the government concedes that the language of the SCC entitles Adarand to the federal subcontracting preference based on any valid certification, regardless of whether it is certified by the particular state in which the highway construction occurs.

■ Fourth, Adarand argues that because the new Colorado DBE regulations do not comply with federal regulations and might be rejected by the Department of Transportation, Adarand cannot rely on its DBE status to secure the benefits of the federal SCC program. However, even were it true that the Colorado program is inconsistent with federal regulations, which the government contests, *see* 49 C.F.R. § 23.62 (allowing state DBE programs to certify nonminority individuals on a case-by-case basis), Adarand does not allege a sufficiently particular and concrete injury to grant it standing to challenge the program.[3] The possibility that Adarand faces future injury from the SCC if either Colorado's new program is rejected by the Department of Transportation or Adarand is otherwise decertified is "too conjectural and speculative to avoid a finding of mootness." *Jones v. Temmer*, 57 F.3d 921, 923 (10th Cir.1995) (citing *Anderson v. Green*, 513 U.S. 557, 559–60, 115 S.Ct. 1059, 130 L.Ed.2d 1050 (1995) (per curiam)).

### III

■ We must also consider whether the circumstances under which this case became moot require us to vacate the judgment of the district court. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Generally, "[w]hen a civil case becomes moot pending appellate

adjudication, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Official English*, 117 S.Ct. at 1071 (quoting *Munsingwear*, 340 U.S. at 39, 71 S.Ct. 104). The rationale of this "duty" is to prevent a party from being bound by the preclusive effects of a judgment, "review of which was prevented through happenstance." *Munsingwear*, 340 U.S. at 39, 40, 71 S.Ct. 104. The Supreme Court has more recently explained that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

■ However, our duty under *Munsingwear* is not an absolute one. Vacatur is an equitable remedy exercised in the interests of fairness. *See id.* In weighing the appropriateness of vacatur, we examine "whether the party seeking relief from the judgment below caused the mootness by voluntary action." *Id.* (citing *United States v. Hamburg–Amerikanische Packetfahrt–Actien Gesellschaft*, 239 U.S. 466, 478, 36 S.Ct. 212, 60 L.Ed. 387 (1916)); *see also 19 Solid Waste Dep't Mechanics*, 76 F.3d at 1144–45 (declining to grant vacatur where appellant city mooted case through voluntary withdrawal of policy at issue); *Jones*, 57 F.3d at 923 (granting vacatur when challenged regulations were mooted by intervening legislation).

Although the regulatory change and administrative decision enabling Adarand to gain DBE status were made by Colorado state agencies rather than by the federal government, Adarand argues that this case is nonetheless analogous to cases in which the

---

3. Adarand reads great significance into a footnote in the government's brief declining to express a view on the merits of Adarand's DBE certification. We cannot, however, view the government's refusal to opine on the merits of an issue not before it as indicative of an intention to take action to revoke Adarand's DBE status. Nor has Adarand shown us that the Department of Transportation could even have authority to

do so, save in the event of a third party challenge to Adarand's DBE certification followed by administrative appeal to DOT of Colorado's decision. *See* 49 C.F.R. §§ 23.55, 23.69(b)-(c) (establishing conditions for administrative appeal to DOT of state determinations of third party challenges to DBE status). This possibility is too speculative to create a live controversy.

party seeking vacatur voluntarily causes or plays an active role in causing the case to become moot. *See, e.g., U.S. Bancorp Mortgage Co.,* 513 U.S. at 27–28, 115 S.Ct. 386 (refusing to vacate where parties settle); *19 Solid Waste Dep't Mechanics,* 76 F.3d at 1144–45 (refusing to vacate where appellant caused mootness). The circumstances causing mootness in this case were precipitated by the actions of a third party and Adarand itself, not by the federal government, and there is no evidence that the government sought mootness in an effort "to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment." *U.S. Bancorp Mortgage Co.,* 513 U.S. at 27, 115 S.Ct. 386. We have found vacatur in an analogous case where "mootness ... resulted not from any voluntary action by plaintiffs but rather from circumstances beyond plaintiffs' control and for which they were not responsible." *Jones,* 57 F.3d at 923 (vacating judgment when plaintiff's suit against members of the Colorado Public Utilities Commission mooted by Colorado legislature's recission of challenged taxicab regulations).

It is true that the third party actions leading to Adarand's receiving DBE status were apparently motivated in some part by the district court's decision at issue here. Consequently, vacatur might conceivably lead Colorado to withdraw Resolution No. TC–554 and return to the policy that Adarand originally challenged, thus depriving Adarand of its judgment below. *See U.S.Bancorp Mortgage Co.,* 513 U.S. at 27, 115 S.Ct. 386. The injustice to the appellants and to the public interest occasioned by a contrary result, however, is no less real, and significantly less speculative. Because we cannot address the government's arguments against the judgment below, absent vacatur, the federal appellants in this case will be bound by a judgment for which they have had no opportunity for appellate review. Furthermore, the federal government will be bound on a matter of great constitutional importance by an unreviewable district court decision, frustrating the public interest in resolution of such matters through prescribed channels of appellate review.

In conclusion, it would be contrary to the "equitable tradition of vacatur" formalized in *Munsingwear* to hold an appellant to the preclusive effects of an adverse judgment when deprived of the opportunity for appellate review through the actions of a third party. Our task is to "dispose[ ] of moot cases in the manner 'most consonant to justice' ... in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortgage Co.,* 513 U.S. at 24, 115 S.Ct. 386 (citations omitted). Although the unusual circumstances of this case make that task a difficult one, we conclude the appropriate course of action in this case is to vacate and remand pursuant to *Munsingwear.* We acknowledge that—while no longer quick—this case does implicate constitutional issues of substantial importance, and that it has suffered a long path through the federal courts. This history does not, however, relieve us of our duty under the Constitution to address only live cases or controversies.

We therefore **VACATE** the judgment below and **REMAND** with directions to dismiss.